# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

ACUITY, A MUTUAL INSURANCE COMPANY,

           Plaintiff,

      v.                                      Case No. 14-CV-1330

JUAN C. GONZALEZ
*doing business as*
United Drywall,

           **Defendant.**

---

## OPINION AND ORDER

---

Plaintiff Acuity, an insurance company located in Wisconsin, brought this lawsuit against defendant Juan Gonzalez for breach of contract, alleging that Gonzalez failed to pay the premium due under a policy issued to him by Acuity. Gonzalez, a Nebraska resident, has filed a motion to dismiss for lack of personal jurisdiction. (ECF No. 6.) Acuity responded (ECF No. 12) and Gonzalez replied (ECF No. 14). The matter was reassigned to this court in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b) after the parties all consented to the full jurisdiction of a magistrate judge. (ECF No. 4, 9, 11.)

## I. Background

Acuity is an insurance company incorporated in Wisconsin whose principal place of business is in Sheboygan, Wisconsin. Gonzalez is a Nebraska resident that does business as United Drywall. Gonzalez met with an insurance producer in Nebraska, who on his behalf purchased a Nebraska workers' compensation and business liability insurance policy from Acuity for coverage beginning on September 6, 2012. The policy provided coverage for Gonzalez's employees, all of whom work in Nebraska.

Acuity issued the policy based on Gonzalez's estimated payroll and assumed risks but reserved the right to retroactively adjust the premium if subsequent information revealed that its exposure was different than anticipated. In November 2013 Acuity audited Gonzalez's business and increased the premium. Acuity billed Gonzalez for the additional premium, but after making one payment Gonzalez has not made any further payments towards the premium.

Gonzalez has never been to Wisconsin. He does not own or lease real property in Wisconsin and does not maintain a telephone listing or a mailing address in Wisconsin. United Drywall is not registered to do business in Wisconsin, does not advertise in Wisconsin, and has never sold any products here. To the best of his knowledge, Gonzalez has no customers in Wisconsin.

II. Analysis

Gonzalez contends that this court lacks personal jurisdiction over him because his only connection to Wisconsin is that he purchased insurance from a company that happens to have its headquarters here. This fact, he argues, is insufficient to establish personal jurisdiction over him under Wisconsin's long arm statute. Alternatively, he argues that the exercise of personal jurisdiction over him would violate due process.

Acuity argues that personal jurisdiction over Gonzalez in Wisconsin is consistent with both the Wisconsin long-arm statute and due process principles. Specifically, Acuity asserts that Gonzalez is subject to the jurisdiction of this court because he "[i]s engaged in substantial…activities within this state" (quoting Wis. Stat. § 801.05(1)(d)) and because its lawsuit "[a]rises out of a promise, made anywhere to the plaintiff…by the defendant…to pay for services to be performed in this state by the plaintiff" or "[a]rises out of…services actually performed for the defendant by the plaintiff within this state…." (quoting Wis. Stat. § 801.05(5)(a) and (b)).

A. Wisconsin's Long-Arm Statute

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014) (citing Fed. Rule Civ. Proc. 4(k)(1)(A)). Thus, this court looks first to Wisconsin's long-arm statute to determine whether it has personal jurisdiction over the defendant. *Felland v. Clifton*, 682 F.3d 665, 678 (7th Cir. 2012); *see also Steel Warehouse v. Leach*, 154 F.3d 712, 714 (7th Cir.

1998) ("A federal district court exercising diversity jurisdiction has personal jurisdiction over a nonresident only if a court of the state in which it sits would have such jurisdiction."). Wisconsin courts employ a two-step inquiry when determining whether personal jurisdiction may be exercised over a nonresident defendant. The first step is to determine whether the defendant meets the criteria for personal jurisdiction under the Wisconsin long-arm statute. *Kopke v. A. Hartrodt S.R.L.*, 245 Wis.2d 396, 409, 629 N.W.2d 662 (2001). If the requirements of the long-arm statute are satisfied, then the court must consider whether the exercise of jurisdiction comports with due process requirements. *Id.* Plaintiff bears the burden of establishing personal jurisdiction. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

### 1. Wisconsin Statute § 801.05(5)

Wisconsin courts may exercise personal jurisdiction in any action that "[a]rises out of a promise, made anywhere to the plaintiff…by the defendant…to pay for services to be performed in this state by the plaintiff," Wis. Stat. § 801.05(5)(a), or that "[a]rises out of…services actually performed for the defendant by the plaintiff within this state…," Wis. Stat. § 801.05(5)(b). The following minimum contacts must exist before a defendant is subject to jurisdiction under these provisions:

> (i) a claim arising out of a bargaining arrangement made with the defendant by or on behalf of the plaintiff; (ii) a promise or other act of the defendant, made or performed anywhere, which evidences the bargaining arrangement sued upon; and (iii) a showing that the arrangement itself involves or contemplates some substantial connection with the state.

4

*Capitol Fixture & Woodworking Group v. Woodma Distrib.*, 147 Wis.2d 157, 161-62, 432 N.W.2d 647, 650 (Ct. App. 1988).

Acuity argues that both subsections of § 801.05(5) subject Gonzalez to personal jurisdiction in Wisconsin. It argues that Gonzalez submitted his application for insurance to Acuity in Wisconsin, Gonzalez made premium payments to Acuity in Wisconsin, and when he was notified by Acuity that his policy was being canceled due to nonpayment of premiums he negotiated with Acuity over the telephone for a payment plan to pay the premium due and owing.

In *Federated Rural Elec. Ins. Corp. v. Inland Power & Light Co.*, 18 F.3d 389 (7th Cir. 1994), the plaintiff insurer sued its insured in the Western District of Wisconsin, arguing that the defendant insured, who did business solely in the Pacific Northwest, was subject to personal jurisdiction in Wisconsin because it contacted the plaintiff insurer in Wisconsin via mail or telephone and its general manager had traveled to Wisconsin regarding its insurance policies. *Id.* at 394. Concluding that the service purchased by the defendant (insurance coverage) was to be provided in the state where the defendant did business and not in the insurer's home state, the court found that the defendant did not have the type of "substantial connection" that would subject it to personal jurisdiction in Wisconsin. *Id.* at 393-94. "[O]ne who merely purchases insurance from an insurer residing in the forum state does not subject himself to jurisdiction of the state."

*Federated*, 18 F.3d at 394 (quoting *Capitol Indemnity Corp. v. Certain Lloyds Underwriters*, 487 F. Supp. 1115, 1120 (W.D. Wis. 1980)).

If anything, Gonzalez's contacts with Wisconsin are even more insignificant, isolated, and remote than those presented in *Federated*. In *Federated* the insured's general manager served as a member of Federated's board of directors and traveled to Wisconsin at least three times to attend board meetings; Gonzalez never traveled to Wisconsin. As was the case with Federated, Gonzalez did not directly seek out Acuity but instead utilized an independent agent who paired him with Acuity for workers' compensation and business liability coverage to cover his employees in Nebraska. Although Gonzalez mailed premium payments to Acuity in Sheboygan, Federated also mailed its premium payments to Wisconsin, and over a longer period of time. Gonzalez also had telephone communications with Acuity personnel who were in Sheboygan, but that was the case with Federated, too. Just as the court in *Federated* found that the defendant's purchase of insurance from a Wisconsin-based insurer did not, without more, establish a substantial connection with Wisconsin, Gonzalez's purchase of insurance coverage from Acuity does not satisfy the contract provisions of Wisconsin's long-arm statute, and thus Acuity cannot obtain personal jurisdiction over Gonzalez under these sections.

## 2. Wisconsin Statute § 801.05(1)(d)

Pursuant to Wis. Stat. § 801.05(1), Wisconsin courts may exercise general personal jurisdiction over a defendant when that defendant takes up a "local presence or status" within the state. Subsection (d) provides that a nonresident defendant has the requisite "local presence or status" when he or she "[i]s engaged in substantial and not isolated activities within [the] state…." A finding of general jurisdiction under a statute like § 801.05(1)(d) must be based on defendant's "continuous and systematic general business contacts" with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). These contacts must be "so extensive as to be tantamount to [defendant] being constructively present in the state." *Purdue Research*, 338 F.3d at 787. "In order to base personal jurisdiction on section 801.05(1)(d), a court must find more than just contacts between the defendant and the forum. Rather, the activity of defendant must have been both 'continuous and systematic.'" *Capitol Indem. Corp.*, 487 F. Supp. at 1117.

When arguing that § 801.05(1)(d) provides a basis for personal jurisdiction over Gonzalez, Acuity relies upon no additional facts than it relied upon when asserting that personal jurisdiction could be obtained under the contract provisions of Wisconsin's long-arm statute. Those facts failed to establish that the purchase of insurance from Acuity constituted a substantial connection with Wisconsin; they certainly don't establish the type of substantial and not isolated activities necessary to obtain general

7

personal jurisdiction under § 801.05(1)(d). Thus, § 801.05(1)(d) does not provide a basis for Acuity to obtain personal jurisdiction over Gonzalez.

**B. Due Process**

Even if Acuity were to prevail in either of its arguments concerning Wisconsin's long-arm statute, subjecting Gonzalez to suit in Wisconsin would be contrary to principles of due process. Personal jurisdiction will not exist if the facts do not establish that the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'" under the due process clause of the Fourteenth Amendment. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). A state cannot force a nonresident to litigate in its courts unless there is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its law." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). These minimum contacts with the foreign state must be of a nature that the defendant could "reasonably anticipate being haled into court there." *Burger King v. Rudzewicz,* 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)).

In reaching the conclusion that exercising jurisdiction over the defendant would not comport with due process, the court in *Federated* applied the five-factor test

8

articulated by the Wisconsin Supreme Court for evaluating whether an assertion of personal jurisdiction would constitute a due process violation: "(1) the quantity of the contacts with the state, (2) the nature and quality of the contacts, (3) the source of the cause of action, (4) the interest of Wisconsin in the action, and (5) the convenience of the parties in trying the matter in Wisconsin." *Id.* at 395 (citing *Zerbel v. H.L. Federman & Co.*, 48 Wis. 2d 54, 64-66, 179 N.W.2d 872, 878-79 (1970); *Uni-Bond Ltd. v. Schultz*, 607 F. Supp. 1361, 1366 (E.D. Wis. 1985)).

The *Federated* court concluded that the defendant's contacts were insufficient to satisfy due process. In doing so, the court noted that "[s]everal courts have held that making telephone calls and mailing payments into the forum state are insufficient bases for jurisdiction." *Id.* at 395 (citing *Lakeside Bridge & Steel Co. v. Mountain State Constr. Co.*, 597 F.2d 596, 604 (7th Cir. 1979); *Capitol Indem. Corp. v. Certain Lloyds Underwriters and/or London Cos.*, 487 F. Supp. 1115 (W.D. Wis. 1980); *Royal Globe Ins. Co. v. Logicon*, 487 F. Supp. 1245 (N.D. Ill. 1980)). It also concluded that "the purchase of goods or insurance from the forum state alone is an insufficient foundation upon which to assert personal jurisdiction." *Id.* (citing *Lakeside*, 597 F.2d at 604; *Capitol Indemnity*, 487 F. Supp. at 1121 ("One who merely purchases insurance from an insurer residing in the forum state does not, by the purchase through an intermediary, subject himself to the jurisdiction of the courts of the insurer's state.")).

As discussed above, Gonzalez's contacts with Wisconsin are even less significant than those that existed for the defendant in *Federated*. In *Federated*, the relationship between the parties was sophisticated and spanned a number of years. *Id.* at 390-91. The insured's general manager served as a member of Federated's board of directors and traveled to Wisconsin at least three times to attend board meetings. *Id.* at 391 n.1. And there were certain other financial connections between the parties and between the defendant and Wisconsin. *Id.* at 395. Here, Gonzalez never traveled to Wisconsin in relation to his business with Acuity or for any purpose. There is no evidence that Gonzalez had any connection to this state other than the fortuitous fact that his insurance agent paired him with an insurer that happened to be located here.

The court concludes that the contacts cited by Acuity are insufficient to confer personal jurisdiction over Gonzalez in Wisconsin. Forcing Gonzalez to defend a lawsuit in Wisconsin runs afoul of due process.

**IT IS THEREFORE ORDERED** that the defendant's motion to dismiss for lack of personal jurisdiction (ECF No. 6) is **granted.** The plaintiff's complaint and this action are hereby dismissed.

Dated at Milwaukee, Wisconsin this 23rd day of December, 2014.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge